# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **WAL-MART STORES TEXAS, LLC**, who may be served with process **through its registered agent, CT CORPORATION SYSTEMS at 1999 BRYAN ST., STE. 900, DALLAS, TX 75201** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Request for Disclosure, Request for Production and Interrogatories** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 28th day of June, 2019, by Attorney at Law, GEOFFREY A. BORSCHOW, 1231 E. MISSOURI, EL PASO, TEXAS 79902 in this case numbered **2019DCV2468** on the docket of said court, and styled:

**ANA A. MORAN**
**VS.**
**WAL-MART STORES TEXAS, LLC AND WALMART INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure, Request for Production and Interrogatories** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 29th day of July, 2019.

Attest: NORMA FAVELA BARCELEAU, District Clerk El Paso County, Texas.

**CLERK OF THE COURT**
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

_____, Deputy
Mercedes Olivas

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the **30TH** day of **July, 2019** at **5:00 PM** I mailed to **WAL-MART STORES TEXAS, LLC, BY DELIVERING TO ITS REGISTERED AGENT, CT CORPORATION SYSTEMS** _____ defendant(s)

"ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **Plaintiff's Original Petition, Request for Disclosure, Request for Production and Interrogatories** attached thereto.

**JOEL PAYAN**          **PROCESS SERVER**
*NAME OF PREPARER              TITLE
10221 STONEWAY DR.
ADDRESS
EL PASO          TEXAS          79925
CITY               STATE          ZIP

SCH#2253, EXP. 8/31/19
PROCESS SERVER FOR AT YOUR SERVICE PROCESS SERVICE
TITLE



**EXHIBIT "A"**

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

     The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

     This forwarding address was provided:_____

 

                          El Paso County, Texas

            By:_____

                      Deputy District Clerk

                           OR

       _____

                Name of Authorized Person

            By:_____

 

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

     Before me, a notary public, on this day personally appeared_____, known to me to be the person

whose name is subscribed to the foregoing Return of Service and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

                    Subscribed and sworn to be on this _____ day

                    of _____, _____.

                    _____

                    Notary Public, State of _____

                    My commission expires:_____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **WALMART INC.**, who may be served with process **through its registered agent, CT CORPORATION SYSTEMS at 1999 BRYAN ST., STE. 900, DALLAS, TX 75201** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Request for Disclosure, Request for Production and Interrogatories** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 28th day of June, 2019, by Attorney at Law, GEOFFREY A. BORSCHOW, 1231 E. MISSOURI, EL PASO, TEXAS 79902 in this case numbered **2019DCV2468** on the docket of said court, and styled:

**ANA A. MORAN**
VS.
**WAL-MART STORES TEXAS, LLC AND WALMART INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Disclosure, Request for Production and Interrogatories** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 29th day of July, 2019.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

_____, Deputy
Mercedes Olivas

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas, 79901

'ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

Joel Bryan
*NAME OF PREPARER
10221 Stoneway Dr.
ADDRESS
EL PASO                Texas          79925
CITY              STATE         ZIP

Process Server
TITLE

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 30TH day of July 2019 at 5:00PM I mailed to WALMART, INC. BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION SYSTEM _____ defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **Plaintiff's Original Petition, Request for Disclosure, Request for Production and Interrogatories** attached thereto.

_____ SCH# 2253, EXP 8/31/19
Process Server for At Your Service Process Service
TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned
undelivered marked _____.

      This forwarding address was provided:_____


El Paso County, Texas

By:_____

Deputy District Clerk

OR

_____

Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person
whose name is subscribed to the foregoing Return of Service and being by me first duly sworn, declared, "I am
disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and
correct."

Subscribed and sworn to be on this _____ day
of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

Filed 6/28/2019 5:19 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2468

IN THE _____

**EL PASO COUNTY, TEXAS**

| | |
|---|---|
| ANA A. MORAN | § |
| | § |
| *Plaintiff,* | § |
| | § |
| vs. | § |
| | § |
| WAL-MART STORES TEXAS, LLC and | § |
| WALMART INC. | § |
| | § |
| *Defendants.* | § |

CAUSE NO. _____

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, REQUEST FOR PRODUCTION AND INTERROGATORIES

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** ANA A. MORAN, individually hereinafter called Plaintiff, complaining of and about Defendants, WAL-MART STORES TEXAS, LLC and WALMART INC. and for cause of action would show unto the Court the following:

### I.   DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.
### PARTIES AND SERVICE

2.   Plaintiff is a resident of El Paso, El Paso County, Texas.

3.   Defendant, WAL-MART STORES TEXAS, LLC, is a foreign limited liability company that may be served with process through its registered agent, C T Corporation Systems, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

4.   Defendant, WALMART INC., is a foreign for-profit corporation that may be served with process through its registered agent, C T Corporation Systems, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## III.
## JURISDICTION

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. The Court has jurisdiction over Defendants because Defendants have done acts and/or omissions in Texas, have purposefully availed themselves of the laws and benefits of the State of Texas and are amenable to service by a Texas court. Exercising jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

## IV.
## VENUE

7. Venue is proper in El Paso County, Texas. Specifically, venue is allowed in El Paso County because all or a substantial part of the events and/or omissions occurred in El Paso County, Texas.

## V.
## FACTS

8. On or about July 22, 2017, Plaintiff was injured while walking down the aisle of a Walmart store located at 12236 Montana Avenue in El Paso Texas, which is owned, managed, possessed and controlled by Defendants. Plaintiff was reaching for an item off the shelf when her foot got stuck on a piece of store merchandise which was sticking out from underneath a pallet, causing Plaintiff to fall and suffer serious bodily injures. Defendants created, and/or failed to inspect and make safe the hazard which lead to Plaintiff's injuries. Further, Defendants failed to warn Plaintiff of the danger on the floor. As a result of Defendants' negligence, Plaintiff sustained serious bodily injuries.

# VI.
## LIABILITY OF DEFENDANTS

9.      At all times mentioned herein, Defendants owed certain duties of care to Plaintiff, the

breach of which proximately caused the injuries set forth herein.

10.    Defendants, Defendants' agents, servants, and employees, negligently or willfully

allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the

condition. This condition existed despite the fact that Defendants or Defendants' agents knew or

should have known of the existence of the aforementioned condition and that there was likelihood of

a person being injured as occurred to Plaintiff.

11.    Furthermore, Plaintiff would show the court that had Defendants or Defendants'

agents exercised ordinary care, the pallet that was left out uncovered, would have been noticed and

corrected by such persons.

12.    At all times pertinent herein, Defendants, and any of Defendants' agents, who were

acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

> A.    Failing to properly inspect the area where the pallet in question was to discover
> the dangerous condition;
>
> B.    Failing to maintain the area in a reasonably safe condition;
>
> C.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe
> condition of the area; and
>
> D.    Failing to give warnings to Plaintiff of the unsafe condition.

13.    Plaintiff would show the court that the above-described acts and omissions of

negligent conduct constituted the proximate cause of the injuries and damages as detailed below.

# VII.
## PROXIMATE CAUSE

14.    Each and every, all and singular of the foregoing acts and omissions, on the part of

14.   Eac.

Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the

injuries and damages set forth below.

## VIII.
## MISNOMER/ALTER EGO

15.   In the event any parties are misnamed or are not included herein, it is Plaintiff's

contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named

herein.

Defendants, ta'

## IX.
## DAMAGES FOR PLAINTIFF

16.   As a direct and proximate result of the occurrence made the basis of this lawsuit, and

Defendant's acts as described herein, Plaintiff was caused to suffer severe injuries, and to endure

anxiety, pain, and illness resulting in damages more fully set forth below.

contention that as a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff has incurred the following damages:

A.   Reasonable and necessary medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

B.   Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Mental anguish in the past;

E.   Physical pain and suffering in the future;

F.   Mental anguish in the future;

G.   Physical impairment in the past; and

H.   Physical impairment which, in all reasonable probability, will be suffered in the future.

18. By reason of the above, Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.

## X.
## REQUEST FOR DISCLOSURE

19. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

## XI.
## REQUEST FOR PRODUCTION

20. Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant, WAL-MART STORES TEXAS, LLC, is requested to produce, within fifty (50) days of service of this request, the information or material described in Plaintiff's Request for Production attached hereto as Exhibit "A."

## XII.
## INTERROGATORIES

21. Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Defendant, WAL-MART STORES TEXAS, LLC, is requested to answer, within fifty (50) days of service of these interrogatories, the information or material described in Plaintiff's First Set of Interrogatories attached hereto as Exhibit "B."

## XIII.
## REQUEST FOR PRODUCTION

22. Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant, WALMART INC., is requested to produce, within fifty (50) days of service of this request, the information or material described in Plaintiff's Request for Production attached hereto as Exhibit "C."

## XIV.
## INTERROGATORIES

23.    Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Defendant, WALMART INC. is requested to answer, within fifty (50) days of service of these interrogatories, the information or material described in Plaintiff's First Set of Interrogatories attached hereto as Exhibit "D."

## XV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ANA A. MORAN, respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

BY: /s/ Geoffrey A. Borschow
**GEOFFREY A. BORSCHOW**
**State Bar No. 24082708**
**MILAD K. FARAH**
**State Bar No. 24055466**
**FARAH LAW GROUP, PLLC**
**1231 E. Missouri**
**El Paso, Texas 79902**
**T: (915) 533-0880**
**F: (915) 533-1155**
**E: mkf@gflawoffices.com**
**E. gab@gflawoffices.com**

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

IN THE _____

**EL PASO COUNTY, TEXAS**

| | |
|---|---|
| ANA A. MORAN | § |
| *Plaintiff,* | § |
| | § |
| | § |
| vs. | § **CAUSE NO.** _____ |
| | § |
| WAL-MART STORES TEXAS, LLC and | § |
| WALMART INC. | § |
| | § |
| *Defendants.* | § |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, WAL-MART STORES TEXAS, LLC

**TO:** Defendant, WAL-MART STORES TEXAS, LLC, through its registered agent, C T Corporation Systems, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

COMES NOW, Plaintiff, ANA A. MORAN, and files and serves this, her First Request for Production to Defendant, WAL-MART STORES TEXAS, LLC, and pursuant to Tex. R. Civ. P. 196, hereby requests that Defendant produce for Plaintiff's inspection, photocopying or reproduction of the records, documents and items listed in this request for production.

*PURSUANT TO RULE 193.7 THIS REQUEST WILL FURTHER SERVE AS ACTUAL NOTICE THAT THE PLAINTIFF INTENDS TO USE PRODUCED DOCUMENTS AGAINST YOU IN PRETRIAL PROCEEDINGS AND AT TRIAL. ACCORDINGLY, YOUR PRODUCTION OF A DOCUMENT(S) IN RESPONSE TO THIS REQUEST AUTHENTICATES THE DOCUMENT(S) FOR USE AGAINST YOU IN ANY PRETRIAL PROCEEDING OR AT TRIAL UNLESS YOU OBJECT TO THE AUTHENTICITY OF ANY PRODUCED DOCUMENT(S) WITHIN THE TIME LIMITS AND AS PARTICULARLY SET OUT IN TEX.R.CIV.P 193.7, FROM THE DATE OF SERVICE OF THIS NOTICE.*

Respectfully submitted,

BY: /s/ Geoffrey A. Borschow
GEOFFREY A. BORSCHOW
State Bar No. 24082708
MILAD K. FARAH
State Bar No. 24055466
FARAH LAW GROUP, PLLC
1231 E. Missouri
El Paso, Texas 79902
T: (915) 533-0880
F: (915) 533-1155
E: mkf@gflawoffices.com
E. gab@gflawoffices.com

ATTORNEYS FOR PLAINTIFF

# DEFINITIONS AND INSTRUCTIONS

1. DOCUMENT or DOCUMENTATION refers to any paper, book, record, letter, memorandum, contract, agreement, invoice, receipt, canceled check, telegram, manual, newsletter, announcement, catalogue, diary entry, calendar, bulletin, tape, disk, partial or complete reports on or transcriptions of telephone or other conversations, accounting entry, financial calculation, drawing, sketch, or other similar materials which contain any verbal, graphic or pictorial information.

2. PERTAINING, PERTAINING TO, or PERTAINING THERETO means commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing and should be construed in the broadest sense of the word.

3. Production of Documents

   All documents and things described in this request are required to be produced. No part of the documents should be removed, destroyed, or concealed. In determining which documents and things you are required to produce, you should carefully read and comply with the definitions and instructions incorporated herein by reference.

4. Lost or Destroyed Documents

   If it is claimed that any document or thing has been lost or destroyed, for each such document or thing state the circumstances relating to the loss or destruction of each such document or thing, the approximate date of loss or destruction and a reasonably complete description of the contents of said document, file, or thing.

5. Accuracy of Information

   If you do not have accurate production of or information with respect to any Request for Production or any part thereof, state and give your best estimate as to the matter inquired about.



## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, WAL-MART STORES TEXAS, LLC

1.  All photographs taken in connection with Plaintiff's causes of action in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

2.  All photographs taken of the scene of the incident or the surrounding area of the scene of the incident in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

3.  All photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

4.  All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

5.  All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the incident in question which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

6.  All written statements made by Plaintiff in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

7.  All oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant 's behalf.

8.  A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Plaintiff which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

9.  All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

10. A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

11. Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, as a result of the incident which has been made the basis of Plaintiff's lawsuit.

12. Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Plaintiff that Defendant prepared as a result of the incident made the basis of Plaintiff's lawsuit.

13. Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating policies and procedures for the management, repair, service, care, and maintenance performed by WAL-MART STORES TEXAS, LLC, its employees or agents, related to the cleaning, maintenance, and inspection of the aisles of the store referenced herein, the stocking of merchandise, and the placement and storage of store equipment.

14. Copies of any surveillance tapes, movies or photos of the Plaintiff on the date of the occurrence.

15. Copies of any settlement agreement between you and any other person or entity, whether a party to this lawsuit or not, relating, pertaining or regarding the incidence made the basis of this lawsuit or any damages resulting therefrom.

16. Copies of any deposition transcripts from testimony provided in the litigation of this case.

17. A list of all employees working at the Walmart Store located at 12236 Montana Avenue, El Paso, TX 79938 on the day of the incident forming the basis of this lawsuit.

18. Copies of any and all incident reports regarding incidents allegedly involving this Defendant which have occurred over the past five (5) years in a similar manner as referenced in this lawsuit.

19. Copies of any and all correspondence (including emails) between this Defendant., and any person or organization regarding the subject matter of this case.

20. Copies of any and all correspondence (including emails) between any employee, agent, member or officer of this Defendant and any person or organization regarding the subject matter of this case.

**IN THE** _____

**EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| ANA A. MORAN | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CAUSE NO.** _____ |
| | § | |
| **WAL-MART STORES TEXAS, LLC and** | § | |
| **WALMART INC.** | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT, WAL-MART STORES TEXAS, LLC

**TO:    Defendant, WAL-MART STORES TEXAS, LLC, through its registered agent, C T Corporation Systems, 1999 Bryan St., Ste. 900, Dallas, TX 75201.**

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff files and serves the attached interrogatories to be propounded to Defendant.

*Defendants* are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure.  The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

**Respectfully submitted,**

**BY: /s/ Geoffrey A. Borschow**
**GEOFFREY A. BORSCHOW**
**State Bar No. 24082708**
**MILAD K. FARAH**

State Bar No. 24055466
**FARAH LAW GROUP, PLLC**
**1231 E. Missouri**
**El Paso, Texas 79902**
**T: (915) 533-0880**
**F: (915) 533-1155**
**E: mkf@gflawoffices.com**
**E. gab@gflawoffices.com**

**ATTORNEYS FOR PLAINTIFF**

## Definitions and Instructions

A.   "You" and "Your":  The terms "you" and "your" shall mean Defendant, WAL-MART STORES TEXAS, LLC, its employees, agents, and all other persons or entities acting or purporting to act on its behalf, whether authorized or not.

B.   "Person":  The term "person" shall include individuals, and every type of entity, whether formed for business purposes or not.

C.   "Documents":  The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist.  This would include documents sent outside your organization to any source as well as documents intended for internal use.

A.   The term also includes communications not only in words, but in symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computers or informational storage or retrieval systems, the term also includes codes and programming instructions and other materials necessary to understand such systems.

D.   The term includes, but is not limited to: calendars, checkbooks, agendas, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memoranda recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents are related to the subject matter of the discovery request.

D.   If you claim a privilege or exemption from discovery for any of the material, please state the specific ground for each privilege or immunity claimed, in order that the Plaintiff can determine the merit of the objection.

E.   "Identify" or "Identification":

   1.   As to a person:  When used in a reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.

   2.   As to an entity:  The terms "identify" or "identification" when used in reference to an entity such as a corporation, partnership or association, means to state the name of the entity, its business address, telephone number, and name of its chief executive officer.

   3.   As to a document:  When used in reference to a document, the terms "identify" or "identification" shall include the following:





a.    A title, heading or caption of such document.

b.    The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.

c.    A general description of the document; or if no name appears, the approximate date on which the document was prepared.

d.    The name of the person who signed the document or a statement that it was unsigned.

e.    Name of the person or person who prepared the document.

f.    Name of the person or persons to whom the document was addressed and to whom the document was sent.

g.    The physical location of the document.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT, WAL-MART STORES TEXAS, LLC

1.   Please state the full name, address, telephone number, date of birth, driver's license number, last four digits of the social security number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of Defendant, please state your full and correct title and position within the organizational structure of the company.

**ANSWER**:

2.   State those facts that you contend tend to refute Plaintiff's claims or to substantiate any defense of yours.

**ANSWER:**ase state
     last four
     inte

3.   Please state the name and address of each expert consulted whose report or work product will be relied upon in whole or in part or reviewed by a testifying expert witness in this case or whose report or work product was reviewed by a testifying expert witness in this case.

**ANSWER:**

4.   Describe in detail all policies and procedures the Defendant utilizes to ensure pallets are properly, and safely stored and removed by Defendant's employees or agents as to not injure customers.

**ANSWER:**ustomers.
     last four
**ANSWER:**

5.   Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded, stenographically transcribed, oral or otherwise from any person of this incident. If so, please identify the individual from whom the statement was taken and the date the statement was taken.

**ANSWER**perly, an
**ANSWER**ustomers.
     last four
6. **ANSWER**Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, of any of the physical or mechanical objects, and/or of the person involved in this incident?

5.   incident?

**ANSWER**perly, an
**ANSWER**ustomers,

ANSWER:

**ANSWER:**

5.

7. Were any tests, inspections or measurements made or taken with respect to the scene or any object involved? If so, please state the name, telephone number, and address of the person now having custody of any written report concerning each test, inspection or measurement.

**ANSWER:**

8. Please state completely and fully all representations, statements, declarations or admissions made by Plaintiff or any agent, servant or employee of Plaintiff. Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**ANSWER:**

**ANSWER:**

9. Please state in full detail each and every contention or denial of liability on any claim made the basis of this suit. Include in your answer:

8. Please

    a.   all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;

    b.   the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of any claim; and

    c.   the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

9. Please state the basis c

**ANSWER:**

10. Do you contend that any personal injuries or damages sustained by Plaintiff were caused by an occurrence other than this incident, such as a disease or physical condition, either before or after the incidents made the basis of this case? If so, describe in detail such other occurrence, disease, injury or condition.

**ANSWER:**

9. Please state the basis c

**ANSWER:**

11.   Do you contend that Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages? If so, please describe what your contention is based on and what evidence exists to support same.

**ANSWER:**

12.   Please identify and describe in detail any previous incidents which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation.

**ANSWER:**

13.   Please identify (by title, author, editor, edition, publisher, date of publication, section, portion, and page) every published treatise, periodical, or pamphlet on a subject of history, medicine, or other science or art that you may offer to use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

**ANSWER:**

14.   Please describe fully how the alleged occurrence happened, stating all events relating to such occurrence in the order they happened. If you do not have personal knowledge, provide this information to the best of your knowledge, stating how you came into this information.

**ANSWER:**

15.   Did you or any agent or employee of the defendant witness any part or all of the alleged occurrence? If so, please provide:

   a.   the name and address of the witness;

   b.   everything that was noticed;

   information where in reference to the location of alleged occurrence at the time he or she witnessed the occurrence.

**ANSWER:**





16. Some time prior to the alleged occurrence, did the defendant or any agent or employee of the defendant anticipate the occurrence of an incident similar to that of the alleged occurrence? If so, please state:

      a.  the identity, including name and address, of the individual who anticipated such occurrence;

      b.  how such occurrence was anticipated;

      c.  how such anticipation was made known to the defendant;

      d.  what steps the defendant took to protect against such anticipated incidents.

**ANSWER**:

17. For each individual who experienced occurrences similar to the alleged occurrence, please give the following information:

      a.  complete identification, including name, address, telephone number and place of employment;

      b.  the date of the occurrence;

      c.  the exact location of the occurrence;

      d.  the reason given to any agent or employee of the defendant by the person who experienced the occurrence as to the cause of his or her occurrence.

**ANSWER**:

18. Did you or any agent or employee of the defendant examine or inspect the place or area where the Plaintiff alleges that the occurrence took place within a 24 hour period prior to the alleged occurrence? If so, please state:

      a.  the date and time of day of inspection or examination;

      b.  the identification, including name, address and telephone of each person involved in such inspection or examination;

      c.  what such examination revealed or show;

      d.  each act or activity done or undertaken by you or any agent or employee of the defendant in response to any condition or circumstance disclosed by such examination or inspection.

**ANSWER:**

19.    State whether you or any agent or employee of the defendant examined or inspected the place where Plaintiff alleges that the occurrence took place at any time after the alleged occurrence? If so, please give the following information with regard to the first examination or inspection of such place or area after such occurrence:

      a.   the date and time of day;

      b.   the identification, including the name and address, of each person involved in such examination or inspection;

      c.   what such inspection or examination consisted of;

19.    State what such examination or inspection revealed or disclosed.

**ANSWER:**

20.    Please state everything you or any agent or employee of the defendant did to avoid the alleged occurrence.

**ANSWER:**

21.    Please give the substance of all communications or statements made by or conversations between the Plaintiff and you or any agent or employee of the defendant concerning the alleged occurrence.

**ANSWER:**

22.    Please state the names, addresses, and job titles of all personnel working at the Walmart Store located 12236 Montana Avenue, El Paso, TX 79938, on the day of the incident forming the basis of this lawsuit herein.

**ANSWER:**

22.

## **VERIFICATION**

**STATE OF TEXAS** §
§
**COUNTY OF** §

BEFORE ME, the undersigned authority, personally appeared _____,

on behalf of Defendant, WAL-MART STORES TEXAS, LLC, who stated, upon oath, that the

statements made in the foregoing instrument are within his personal knowledge and are true and

correct.

CO

_____

_____
Name Printed

statements made ir

correct.
SWORN TO AND SUBSCRIBED before me, the undersigned authority, on the _____ day of
_____, 2019.

_____
Notary Public in and for
the State of Texas

My Commission Expires:

statements made ij

correct.

**IN THE** _____

**EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **ANA A. MORAN** | § | |
| | § | |
| _Plaintiff,_ | § | |
| | § | |
| **vs.** | § | **CAUSE NO.** _____ |
| | § | |
| **WAL-MART STORES TEXAS, LLC and** | § | |
| **WALMART INC.** | § | |
| | § | |
| _Defendants._ | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, WALMART INC.

_Plaintiff,_
TO:   Defendant, WALMART INC., through its registered agent, C T Corporation Systems,
1999 Bryan St., Ste. 900, Dallas, TX 75201.

COMES NOW, Plaintiff, ANA A. MORAN, and files and serves this, her First Request

for Production to Defendant, WALMART INC. and pursuant to Tex. R. Civ. P. 196, hereby

requests that Defendant produce for Plaintiff's inspection, photocopying or reproduction of the

records, documents and items listed in this request for production.

_PURSUANT TO RULE 193.7 THIS REQUEST WILL FURTHER SERVE AS_
_ACTUAL NOTICE THAT THE PLAINTIFF INTENDS TO USE PRODUCED DOCUMENTS_
_AGAINST YOU IN PRETRIAL PROCEEDINGS AND AT TRIAL. ACCORDINGLY, YOUR_
_PRODUCTION OF A DOCUMENT(S) IN RESPONSE TO THIS REQUEST_
_AUTHENTICATES THE DOCUMENT(S) FOR USE AGAINST YOU IN ANY PRETRIAL_
_PROCEEDING OR AT TRIAL UNLESS YOU OBJECT TO THE AUTHENTICITY OF ANY_
_PRODUCED DOCUMENT(S) WITHIN THE TIME LIMITS AND AS PARTICULARLY SET_
_OUT IN TEX.R.CIV.P 193.7, FROM THE DATE OF SERVICE OF THIS NOTICE._

Respectfully submitted,

BY: /s/ Geoffrey A. Borschow
GEOFFREY A. BORSCHOW
State Bar No. 24082708
MILAD K. FARAH
State Bar No. 24055466
FARAH LAW GROUP, PLLC
1231 E. Missouri
El Paso, Texas 79902
T: (915) 533-0880
F: (915) 533-1155
E: mkf@gflawoffices.com
E. gab@gflawoffices.com

ATTORNEYS FOR PLAINTIFF

DEFINITIONS AND INSTRUCTIONS

1. DOCUMENT or DOCUMENTATION refers to any paper, book, record, letter, memorandum, contract, agreement, invoice, receipt, canceled check, telegram, manual, newsletter, announcement, catalogue, diary entry, calendar, bulletin, tape, disk, partial or complete reports on or transcriptions of telephone or other conversations, accounting entry, financial calculation, drawing, sketch, or other similar materials which contain any verbal, graphic or pictorial information.

2. PERTAINING, PERTAINING TO, or PERTAINING THERETO means commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing and should be construed in the broadest sense of the word.

3. Production of Documents

   All documents and things described in this request are required to be produced. No part of the documents should be removed, destroyed, or concealed. In determining which documents and things you are required to produce, you should carefully read and comply with the definitions and instructions incorporated herein by reference.

4. Lost or Destroyed Documents

   If it is claimed that any document or thing has been lost or destroyed, for each such document or thing state the circumstances relating to the loss or destruction of each such document or thing, the approximate date of loss or destruction and a reasonably complete description of the contents of said document, file, or thing.

5. Accuracy of Information

   If you do not have accurate production of or information with respect to any Request for Production or any part thereof, state and give your best estimate as to the matter inquired about.





## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, WALMART INC.

1. All photographs taken in connection with Plaintiff's causes of action in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

2. All photographs taken of the scene of the incident or the surrounding area of the scene of the incident in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

3. All photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

5. All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the incident in question which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

6. All written statements made by Plaintiff in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

7. All oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant 's behalf.

8. A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Plaintiff which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

9. All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

10. A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

11. Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, as a result of the incident which has been made the basis of Plaintiff's lawsuit.

10.

12. Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Plaintiff that Defendant prepared as a result of the incident made the basis of Plaintiff's lawsuit.

13. Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating policies and procedures for the management, repair, service, care, and maintenance performed by WALMART INC., its employees and agents regarding the maintenance of aisles, merchandise, pallets, and related equipment used in store aisles.

14. Copies of any surveillance tapes, movies or photos of the Plaintiff on the date of the occurrence.

15. Copies of any settlement agreement between you and any other person or entity, whether a party to this lawsuit or not, relating, pertaining or regarding the incidence made the basis of this lawsuit or any damages resulting therefrom.

16. Copies of any deposition transcripts from testimony provided in the litigation of this case.

17. A list of all employees working at the Walmart Store located at 12236 Montana Avenue, El Paso, TX 79938 on the day of the incident forming the basis of this lawsuit and the thirty (30) days thereafter.

18. Copies of any and all incident reports regarding incidents allegedly involving this Defendant which have occurred over the past five (5) years in a similar manner as referenced in this lawsuit.

19. Copies of any and all correspondence (including emails) between this Defendant., and any person or organization regarding the subject matter of this case.

20. Copies of any and all correspondence (including emails) between any employee, agent, member or officer of this Defendant and any person or organization regarding the subject matter of this case.



**IN THE** _____

**EL PASO COUNTY, TEXAS**

| | |
|---|---|
| **ANA A. MORAN** | § |
| | § |
| | § |
| *Plaintiff,* | § |
| | § |
| **vs.** | § |
| | § |
| **WAL-MART STORES TEXAS, LLC and** | § |
| **WALMART INC.** | § |
| | § |
| *Defendants.* | § |

**CAUSE NO.** _____

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT, WAL-MART STORES TEXAS, LLC

**TO:** **Defendant, WALMART INC., through its registered agent, C T Corporation Systems, 1999 Bryan St., Ste. 900, Dallas, TX 75201.**

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure,

Plaintiff files and serves the attached interrogatories to be propounded to Defendant.

You are hereby instructed to answer the following interrogatories separately, fully, in writing,

and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall

be served upon the undersigned counsel within 50 days after the service of these interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided

in Rule 215 of the Texas Rules of Civil Procedure.

Furthermore, demand is made for the supplementation of your answers to these interrogatories

as required by Rule 193.5 of the Texas Rules of Civil Procedure.

**Respectfully submitted,**

**BY: /s/ Geoffrey A. Borschow**
**GEOFFREY A. BORSCHOW**
**State Bar No. 24082708**

**MILAD K. FARAH**
**State Bar No. 24055466**
**FARAH LAW GROUP, PLLC**
**1231 E. Missouri**
**El Paso, Texas 79902**
**T: (915) 533-0880**
**F: (915) 533-1155**
**E: mkf@gflawoffices.com**
**E. gab@gflawoffices.com**

**ATTORNEYS FOR PLAINTIFF**

### Definitions and Instructions

A.   "You" and "Your":  The terms "you" and "your" shall mean Defendant, WALMART INC. its employees, agents, and all other persons or entities acting or purporting to act on its behalf, whether authorized or not.

B.   "Person":  The term "person" shall include individuals, and every type of entity, whether formed for business purposes or not.

C.   "Documents":  The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist.  This would include documents sent outside your organization to any source as well as documents intended for internal use.

A.   The term also includes communications not only in words, but in symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computers or informational storage or retrieval systems, the term also includes codes and programming instructions and other materials necessary to understand such systems.

C.   The term includes, but is not limited to: calendars, checkbooks, agendas, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memoranda recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents are related to the subject matter of the discovery request.

D.   If you claim a privilege or exemption from discovery for any of the material, please state the specific ground for each privilege or immunity claimed, in order that the Plaintiff can determine the merit of the objection.

E.   "Identify" or "Identification":

    1.   As to a person:  When used in a reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.

    2.   As to an entity:  The terms "identify" or "identification" when used in reference to an entity such as a corporation, partnership or association, means to state the name of the entity, its business address, telephone number, and name of its chief executive officer.

    3.   As to a document:  When used in reference to a document, the terms "identify" or "identification" shall include the following:



a.   A title, heading or caption of such document.

b.   The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.

c.   A general description of the document; or if no name appears, the approximate date on which the document was prepared.

d.   The name of the person who signed the document or a statement that it was unsigned.

e.   Name of the person or person who prepared the document.

f.   Name of the person or persons to whom the document was addressed and to whom the document was sent.

g.   The physical location of the document.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT, WALMART INC.

1.  Please state the full name, address, telephone number, date of birth, driver's license number, last four digits of the social security number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of Defendant, please state your full and correct title and position within the organizational structure of the company.

**ANSWER:**

2.  State those facts that you contend tend to refute Plaintiff's claims or to substantiate any defense of yours.

**ANSWER:**

3.  Please state the name and address of each expert consulted whose report or work product will be relied upon in whole or in part or reviewed by a testifying expert witness in this case or whose report or work product was reviewed by a testifying expert witness in this case.

**ANSWER:**

4.  Describe in detail all policies and procedures the Defendant utilizes to ensure pallets are properly, and safely stored and removed by Defendant's employees or agents as to not injure customers.

**ANSWER:**

5.  Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded, stenographically transcribed, oral or otherwise from any person of this incident. If so, please identify the individual from whom the statement was taken and the date the statement was taken.

**ANSWER:**

6.  Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, of any of the physical or mechanical objects, and/or of the person involved in this incident?

**ANSWER:**

7. Were any tests, inspections or measurements made or taken with respect to the scene or any object involved? If so, please state the name, telephone number, and address of the person now having custody of any written report concerning each test, inspection or measurement.

**ANSWER**:

8. Please state completely and fully all representations, statements, declarations or admissions made by Plaintiff or any agent, servant or employee of Plaintiff. Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**ANSWER**:

9. Please state in full detail each and every contention or denial of liability on any claim made the basis of this suit. Include in your answer:

|  | a. | all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial; |
|---|---|---|
|  | b. | the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of any claim; and |
|  | c. | the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial. |

**ANSWER**:

10. Do you contend that any personal injuries or damages sustained by Plaintiff were caused by an occurrence other than this incident, such as a disease or physical condition, either before or after the incidents made the basis of this case? If so, describe in detail such other occurrence, disease, injury or condition.

**ANSWER**:

11. Do you contend that Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages? If so, please describe what your contention is based on and what evidence exists to support same.

**ANSWER:**

12. Please identify and describe in detail any previous incidents which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation.

**ANSWER:**

13. Please identify (by title, author, editor, edition, publisher, date of publication, section, portion, and page) every published treatise, periodical, or pamphlet on a subject of history, medicine, or other science or art that you may offer to use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

**ANSWER:**

14. Please describe fully how the alleged occurrence happened, stating all events relating to such occurrence in the order they happened. If you do not have personal knowledge, provide this information to the best of your knowledge, stating how you came into this information.

**ANSWER:**

15. Did you or any agent or employee of the defendant witness any part or all of the alleged occurrence? If so, please provide:

    a. the name and address of the witness;

    b. everything that was noticed;

    c. where in reference to the location of alleged occurrence at the time he or she witnessed the occurrence.

**ANSWER:**

ANSWER:
some time prior to the alleged occurrence, did the defendant or any agent or employee of the defendant anticipate the occurrence of an incident similar to that of the alleged occurrence? If so, please state:

15.

    a.  the identity, including name and address, of the individual who anticipated such occurrence;

    b.  how such occurrence was anticipated;

    c.  how such anticipation was made known to the defendant;

    d.  what steps the defendant took to protect against such anticipated incidents.

**ANSWER:**

17.    For each individual who experienced occurrences similar to the alleged occurrence, please give the following information:

    a.  complete identification, including name, address, telephone number and place of employment;

    b.  the date of the occurrence;

    c.  the exact location of the occurrence;

**ANSWER:**

    d.  the reason given to any agent or employee of the defendant by the person who experienced the occurrence as to the cause of his or her occurrence.

**ANSWER:**

18.    Did you or any agent or employee of the defendant examine or inspect the place or area where the Plaintiff alleges that the occurrence took place within a 24 hour period prior to the alleged occurrence? If so, please state:

    e.  the date and time of day of inspection or examination;

**ANSWER:**

    f.  the identification, including name, address and telephone of each person involved in such inspection or examination;

    g.  what such examination revealed or show;

    h.  each act or activity done or undertaken by you or any agent or employee of the defendant in response to any condition or circumstance disclosed by such examination or inspection.

    e.  the

**ANSWER:**

    f.  th

**ANSWER:**

19.  State whether you or any agent or employee of the defendant examined or inspected the place where Plaintiff alleges that the occurrence took place at any time after the alleged occurrence? If so, please give the following information with regard to the first examination or inspection of such place or area after such occurrence:

    e.  the date and time of day;

    f.  the identification, including the name and address, of each person involved in such examination or inspection;

    g.  what such inspection or examination consisted of;

    h.  what such examination or inspection revealed or disclosed.

**ANSWER:**

20.  Please state everything you or any agent or employee of the defendant did to avoid the alleged occurrence.

**ANSWER:**

21.  Please give the substance of all communications or statements made by or conversations between the Plaintiff and you or any agent or employee of the defendant concerning the alleged occurrence.

**ANSWER:**

20.  Please

22.  Please state the names, addresses, and job titles of all personnel working at the Walmart store located at 12236 Montana Avenue, El Paso, TX 79938, on the day of the incident forming the basis of this lawsuit herein.

**ANSWER:**

**ANSWER:**

20.  Please

## VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF** §

BEFORE ME, the undersigned authority, personally appeared _____,

on behalf of Defendant, WALMART INC., who stated, upon oath, that the statements made in the

foregoing instrument are within his personal knowledge and are true and correct.

_____

_____
Name Printed

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on the _____ day of
_____, 2019.

_____
Notary Public in and for
the State of Texas

My Commission Expires:

IN THE COUNTY COURT AT LAW NUMBER SIX
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ANA A. MORAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2019DCV2468 |
| | § | |
| WALMART STORES TEXAS, LLC | § | |
| and WALMART INC. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants WALMART STORES TEXAS, LLC and WAL-MART INC. (proper entity being WAL-MART STORES TEXAS, LLC) file their Answer to Plaintiff's Original Petition ("Petition"), and in support thereof would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny all material allegations contained in Plaintiff's Original Petition and demand strict proof thereof as required by law.

### II.

### DEFENSES

A.      The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.      To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Petition, which Defendants deny, those injuries and damages were proximately caused by the acts or omissions of persons and/or entities over whom Defendants have no control and for whom Defendants have no liability.

C.      Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.      Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendant.

E.      Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

F.      The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

G.      Defendants plead Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

H.      Defendants plead the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

I.      Plaintiff's recovery for lost earnings, lost earning capacity, or other pecuniary loss, if any, must be limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law pursuant to Tex. Civ. Prac. & Rem. Code Section 18.091(a).

## III.

## AFFIRMATIVE DEFENSES

In the alternative, and without waiving the foregoing, Defendants assert the following affirmative defenses:

A.      Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars recovery or, in the alternative, reduces it proportionately.

B.     To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendants are not responsible for any damages that could have been avoided.

## IV.

### JURY DEMAND

Defendants request trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray to the Court that they be allowed to go hence without day and with their costs.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: ___*/s/ Laura Enriquez*_____
     Laura Enriquez
     State Bar No. 00795790
Attorneys for Defendants

### <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 20th day of August 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

Geoffrey A. Borschow
Milad K. Farah
Farah Law Group, PLLC
1231 E. Missouri
El Paso, Texas 79902
mkf@gflawoffices.com
gab@gflawoffices.com

___*/s/ Laura Enriquez*_____
Laura Enriquez

IN THE COUNTY COURT AT LAW NUMBER SIX
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ANA A. MORAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2019DCV2468 |
| | § | |
| WALMART STORES TEXAS, LLC | § | |
| and WALMART INC. | § | |
| | § | |
| Defendant. | § | |

### DEFENDANTS' JURY DEMAND AND SUBMISSION OF FEE

COMES Defendants WALMART STORES TEXAS, LLC and WALMART INC. (proper entity being Wal-Mart Stores Texas, LLC), having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposit with the clerk the jury fee of FORTY DOLLARS ($40.00). The clerk, pursuant to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon the court's docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: ___*/s/ Laura Enriquez*_____
Laura Enriquez
State Bar No. 00795790
Attorneys for Defendants

14475-470 / 1469031

## <u>CERTIFICATE OF SERVICE</u>

       In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 20th day of August 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

       The following parties or attorney(s) are served with the foregoing document:

    Geoffrey A. Borschow
    Milad K. Farah
    Farah Law Group, PLLC
    1231 E. Missouri
    El Paso, Texas 79902
    mkf@gflawoffices.com
    gab@gflawoffices.com

                                */s/ Laura Enriquez*
                                 Laura Enriquez

14475-470 / 1469031